UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL J. LOVE,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　CAUSE NO. 3:21-CV-115 DRL-MGG

NANCY B. MARTHAKIS, M.D., and
DIANE THEWS, N.P.,

    Defendants.

OPINION AND ORDER

Michael J. Love, a prisoner without a lawyer, filed this action under 42 U.S.C. § 1983. He was granted leave to proceed against Dr. Nancy Marthakis and Nurse Practitioner Diane Thews under the Eighth Amendment for failing to provide adequate medical care for his chronic infections and pain from September 2019 to May 2021.[1] Defendants now move for summary judgment, arguing that Mr. Love did not exhaust his available administrative remedies before filing suit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine dispute of material fact exists, the court must "consider all of the

---

[1] Mr. Love was also granted leave to proceed on a claim for injunctive relief against the Warden of Indiana State Prison related to his ongoing need for medical care, but that claim was dismissed after he was transferred to a different correctional facility.

evidence in the record in the light most favorable to the non-moving party, and . . . draw all reasonable inferences from that evidence" in that party's favor. *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citation omitted).

Mr. Love was notified of the summary judgment motion and granted an extension of time to respond to it. His response was due October 4, 2021, but that deadline passed without a response. Pursuant to N.D. Ind. Local Rule 7-1(d)(5), the court may rule summarily if a party fails to timely respond to a motion. "Strict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* The court still must determine whether the movant is entitled to judgment under the applicable law. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner. . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense that the defendant has the burden of pleading and proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The purpose of the exhaustion requirement is "to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file

2

complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id*. at 1024.

At the same time, inmates are only required to exhaust administrative remedies that are actually available. *Woodford*, 548 U.S. at 102. The availability of a remedy is not a matter of what appears on paper, but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The undisputed facts show that at all relevant times, Indiana State Prison had a grievance process in place consisting of three steps: (1) a formal grievance filed within 10 business days of the incident or issue underlying the grievance; (2) an appeal to the Warden or his designee; and (3) an appeal to the Indiana Department of Correction Grievance Manager [ECF 31-1 ¶¶ 6-10]. Grievable issues include complaints about medical care. Inmates are made aware of the grievance process upon their arrival at the prison. Official grievance records reflect that, despite being made aware of the grievance process, Mr. Love filed no grievances or appeals during the relevant period—or, indeed,

3

at any point during his incarceration at Indiana State Prison—related to his medical care. Therefore, the record shows that he did not exhaust his available administrative remedies before filing suit. *Pozo*, 286 F.3d at 1025.

For these reasons, the court GRANTS the summary judgment motion [ECF 30] in accordance with 42 U.S.C. § 1997e(a) and DIRECTS the clerk to close this case.

SO ORDERED.

November 15, 2021         *s/ Damon R. Leichty*
                          Judge, United States District Court